■  In the Matter of GEORGE VOIGT, Appellant, v THEODORE W. O'NEILL, as Commissioner of Police of the City of Long Beach, Respondent.—(1) Appeal by petitioner from a judgment of the Supreme Court, Nassau County, entered February 15, 1979, which dismissed the petition, *inter alia*, to enjoin the holding of a new disciplinary hearing and directed that a new disciplinary hearing be held to be presided over by a new hearing officer to be designated by the respondent, and (2) proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent as, after a hearing, found the petitioner guilty of one count of violating departmental rules and regulations and initially suspended him without pay for a period of 30 days and placed him on probation for a period of one year, but thereafter revoked the one-year probation as having no basis in law (see Civil Service Law, § 75, subd 3). Judgment affirmed, without costs or disbursements. No opinion. Determination confirmed insofar as reviewed, and proceeding dismissed on the merits, without costs or disbursements. On the record there existed substantial evidence to support the respondent's determination. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.

■  In the Matter of GEORGE VOIGT, Petitioner, v THEODORE W. O'NEILL, as Commissioner of Police of the City of Long Beach, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent which, after a hearing, found the petitioner guilty of one count of violating departmental rules and regulations and

imposed a fine of $100. Petition granted, determination annulled, on the law, without costs or disbursements, and charge dismissed. The determination is not supported by substantial evidence appearing on the record as a whole. Petitioner merely followed the lawful order of his superior officer and, in so doing, made an honest and understandable mistake. In fact, if any one reason were to be ascribed for the resulting error it would have to be the language of the direction given to the petitioner, i.e., to "call Mobile", taken in conjunction with the manner in which the telephone numbers for radio repair were listed on the telephone sheet maintained at the department's switchboard. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.